## Houston v. Tri-State Machinery

*James Victor Voss,* for plaintiff.
*Robert B. True, George I. Buckler* and *James R. Miller,* for defendants.

WEKSELMAN, *J.,* July 7, 1977—The matters before the court en banc are defendant Tri-State Machinery's motion for a new trial or, in the alternative, judgment n.o.v.

This case was tried by a jury and resulted in a verdict for plaintiff, Daniel Houston, in the amount of $120,000 for injuries sustained while he was using a pendulum swing saw. Plaintiff filed this action of trespass against defendant Fairfield Engineering and Manufacturing Company as the alleged manufacturer of the saw and Tri-State Machinery, Inc. as the seller of the saw on a theory of strict liability. Tri-State joined Wilson Specialties, Inc. as an additional defendant.

The evidence adduced at trial indicates that Daniel Houston was a part-time employe of Wilson Specialties and was engaged in the task of trimming lumber with a pendulum swing saw when a fellow employe bumped the board causing Houston's hand to fly into the open blade of the saw. As a result of this incident, Mr. Houston suffered severe and permanent damage to his left hand and,

in spite of numerous operations to remedy the damage, his hand remains a useless appendage.

Defendant Tri-State joined Wilson Specialties, the employer of plaintiff, claiming it was the negligence of Wilson which caused the injury to plaintiff and not a defective condition in the guarding mechanism of the saw which it sold to Wilson in 1967. The jury returned a verdict for plaintiff and against defendant Tri-State and additional defendant Wilson Specialties and in favor of defendant Fairfield Engineering.*

## Assumption of the Risk

Defendant's first and most serious contention of error is that the trial court erred in refusing to charge the jury on assumption of the risk. While this court is mindful of the fact that section 402 A of the Restatement 2d Torts, recognizes the defense of assumption of the risk as a proper defense to a products liability action, the trial judge quite properly refused the requested charge because of the peculiar circumstances of this case. The trial court did not believe that an employe who is required by his employer to perform certain duties

---

* The court, in accordance with the Pennsylvania Workmen's Compensation Act of June 2, 1915, P. L. 736, as amended, 77 P. S. § 1 et seq., molded the verdict in favor of additional defendant Wilson Specialties, Inc. As to Fairfield Engineering, the jury obviously found that it was not the manufacturer of the pendulum saw in question and the record adequately supports this finding. Fairfield appeared at oral argument on defendant's motion only to request that in the event this court grants defendant's motion for a new trial, it be deleted from the retrial of those issues. As the opinion indicates, infra, it will be unnecessary for this court to reach that issue.

can, absent unusual circumstances, be charged with assumption of the risk.

In its simplest form, assumption of the risk refers to those situations where plaintiff, in advance, consents to relieve defendant of legal liability for harm created by conduct of defendant. While contributory negligence is not recognized as a valid defense to strict liability in tort, the drafters of the Restatement have recognized that assumption of the risk is a bar to recovery on the basis of strict liability.

". . .the form of contributory negligence which consists in *voluntarily and unreasonably* proceeding to encounter a known danger, and commonly passes under the name of assumption of risk, is a defense under this Section as in other cases of strict liability. If the user or consumer discovers the defect and is aware of the danger, and nevertheless proceeds *unreasonably* to make use of the product and is injured by it, he is barred from recovery." Comment n, § 402 A, Restatement 2d Torts. (Emphasis supplied.)

Comment n to section 402 A specifically refers to those situations where a plaintiff *voluntarily* and *unreasonably* encounters a known risk. There was no denial by plaintiff herein that he was quite aware of the danger posed by the saw he was operating; however, he did not assume that risk voluntarily and unreasonably for the nature of his employment required him to do so. The underlying rationale of comment n is that reasonably prudent persons do not continue to utilize a product which is openly and patently dangerous, and if they choose to do so in the face of other alternatives then recovery will be barred. In the employer-employe situation, an employe required to operate complex and dangerous machinery does so as a

function of his employment, and he does so reasonably under the circumstances. One hired as a laborer on a construction site is simply not free to choose which equipment he will operate and which he will not. His use of dangerous machinery is dictated by the terms of his employment, and it would be absurd for this court to hold that he *unreasonably* and *voluntarily* used a product he was directed by his superiors to use. The emphasis in comment n is not so much on the knowledge and appreciation of the risk but, rather, on the voluntary and unreasonable nature of incurring it.

Defendant refers the court to Ferraro v. Ford Motor Co., 423 Pa. 324, 223 A.2d 746 (1966), in support of its contention that it was entitled to a charge on assumption of the risk. Ferraro dealt with the purchaser of an automobile who knew of the defective condition of the car, yet proceeded to use the vehicle in spite of the potential danger. There is an obvious distinction to be drawn between the employe-employer situation and the consumer-seller situation. The routine consumer who purchases an obviously defective product can and should refuse to use it in light of the obvious danger presented. While the consumer has alternatives to using the product, the employe simply does not, and his "consent" is in reality predicated upon his maintaining his status as an employe.

This court is mindful of the fact that the Third Circuit Court of Appeals appears to have recognized that an employe who knows of a defect, yet chooses to use a product, may be barred from recovery: Elder v. Crawley Book Mach. Co., 441 F.2d 771 (3rd Cir. 1971); however, we question the appropriateness of applying such dictum to the employe whose consent is not truly voluntary but is, rather, the product of economic pressures and the

realities of most employment situations. The economic pressures encountered by an employe have been recognized by other jurisdictions and numerous commentators, and it is this court's opinion that that is clearly the more enlightened view. See, Rhoads v. Service Machine Co., 329 F.Supp. 367 (E.D. Ark. 1971); Brown v. Quick Mix Co., 75 Wash. 2d 833, 454 P.2d 205 (1969); Noel, Defective Products: Abnormal Use, Contributory Negligence, and Assumption of Risk, 25 Vand. L.R 93, 119 (1972); W. Prosser, The Law of Torts, § 68, 439-452 (4th Ed. 1971).

Moreover, one must carefully analyze what risk was being assumed. The saw in question, although running, was in a position of rest at the time that plaintiff's fellow employe bumped the end of the board, thereby causing plaintiff's hand to be thrown into contact with the unguarded bottom portion of the rotating saw blade. Had plaintiff been engaged in the operation of pulling the saw forward and through the board and placed his hand in a position of known danger, the defense of assumption of the risk might well have become available. Where, as here, however, plaintiff was not actually using the saw, he should not be deemed to have assumed the risk of having his hand in too close proximity to an obviously dangerous revolving saw blade. . . .

For the reasons outlined above, defendant's motions for judgment n.o.v. and for a new trial will be refused.

## ORDER OF COURT

And now, July 7, 1977, defendant's motions for judgment n.o.v. and for a new trial are refused and it is ordered that judgment be entered on the verdict of the jury upon payment of the verdict fee.